

$350

# UNITED STATES DISCTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EVELYN MONICA PAGAN-DELGADO,          :
In Her Own Right and as Administratrix of :
The Estate of Juan Angel Delgado          :          CIVIL ACTION
325 Poplar Street                                        :
Philadelphia, PA 19123                            :          NO.      **10**  **946**
                                                                :
         *PLAINTIFF*,                                     :
                                                                :
CITY OF PHILADELPHIA                          :
One Parkway                                            :
1515 Arch Street                                      :          JURY TRIAL DEMANDED
Philadelphia, PA 19102                            :
                                                                :
         and                                                 :
                                                                :
CITY OF PHILADELPHIA POLICE             :
COMMISSIONER, CHARLES H.              :
RAMSEY,                                                 :
One Parkway                                            :
1515 Arch Street                                      :
Philadelphia, PA 19102                            :
                                                                :
         and                                                 :
                                                                :
POLICE OFFICER MacNULTY                   :
One Parkway                                            :
1515 Arch Street                                      :
Philadelphia, PA 19102                            :
                                                                :
         and                                                 :
                                                                :
POLICE OFFICERS, JOHN DOES I          :
THROUGH JOHN DOES X,                     :
One Parkway                                            :
1515 Arch Street                                      :
Philadelphia, PA 19102,                          :
                                                                :
         *DEFENDANTS*.                              :

---

## <u>CIVIL ACTION COMPLAINT</u>

Plaintiff, Evelyn Monica Pagan-Delgado, individually and as Administratrix of

the Estate of Juan Angel Delgado, (hereinafter "Plaintiff"), by and through her

attorneys, Kerns, Pearlstine, Onorato and Hladik, LLP, does hereby file this

Complaint and avers the following:

## I.   INTRODUCTION

1.    This action for monetary damages is brought by Plaintiff to redress

the intentional violations by Defendants of the rights secured to her and her

Decedent by the laws of the United States of America and the Commonwealth of

Pennsylvania.

## II.   JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth

Amendment to the United States Constitution.  Jurisdiction is founded on 28

U.S.C. § § 1331 and 1343(3) and the aforementioned statutory and

constitutional provisions.

3.    Jurisdiction lies over state law claims based on the principles of

supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

4.    The amount in controversy exclusive of interest and costs exceeds

the sum of One Hundred and Fifty Thousand ($150,000.00) Dollars.

## III.   VENUE

5.    All the claims herein arose within the jurisdiction of the United

States District Court of the Eastern District of Pennsylvania and involve

Defendants who reside within the jurisdictional limits.  Venue is accordingly

invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and (c).

### III.    PARTIES

6.    Plaintiff, Evelyn Monica Pagan-Delgado, is the surviving spouse of Juan Angel Delgado, deceased, and the appointed, qualified enacting personal representative of the Estate of Juan Angel Delgado.

7.    Juan Angel Delgado died on March 6, 2009 intestate while a resident of the City of Philadelphia, Commonwealth of Pennsylvania.

8.    Plaintiff, a resident of the City of Philadelphia, Commonwealth of Pennsylvania, brings this action in Plaintiff's individual capacity as a surviving spouse and heir of Juan Angel Delgado, and as the personal representative of the estate of Juan Angel Delgado (hereinafter "Decedent").

9.    Defendants, Police Officer MacNulty and Police Officers John Does I through X are police officers of the Defendant, City of Philadelphia.

10.    At all relevant times herein, Defendants, Police Officer MacNulty and Police Officers John Does I through X were acting in their capacity as police officers, employed by the City of Philadelphia.

11.    At all relevant times herein, Defendants, Police Officer MacNulty and Police Officers John Does I through X were agents, servants, workmen and employees of Defendant, the City of Philadelphia.

12.    Defendant, City of Philadelphia is a city of the First Class, organized and existing under and pursuant to the laws of the Commonwealth of Pennsylvania.

13.    Defendant, City of Philadelphia Police Commissioner, Charles H. Ramsey is the Commissioner of the City of Philadelphia Police Department and

is responsible for promulgation and enforcement of all policies, customs and practices regarding the City of Philadelphia Police Department.

14.    In doing the acts alleged in this Complaint, Defendants, Police Officer MacNulty and Police Officers John Does I through X were acting under the color of the statutes, ordinances, regulations, customs and usages of the Defendants, City of Philadelphia Police Department and the City of Philadelphia, and the Commonwealth of Pennsylvania and under the authority of their respective offices as Police Officers.

## IV.    FACTUAL ALLEGATIONS

15.    On or about March 6, 2009, at approximately 8:01 p.m., Defendants, Police Officer MacNulty and Police Officers John Does I through X were dispatched to Philadelphia Gas Works complex at Ninth and Montgomery Streets in the City of Philadelphia to respond to report of a potential suicide.

16.    Upon arrival at the seventh floor roof of the Philadelphia Gas Works complex, accompanied by the brother of the Decedent, Defendants, Police Officer MacNulty and Police Officers John Does I through X discovered the Decedent located in the utility shed on the seventh floor with a handgun in his hand, pointing it at himself.

17.    At all relevant times hereto, Defendants, Police Officer MacNulty and Police Officers John Does I through X entered the utility shed on the roof of the Philadelphia Gas Works complex with their guns drawn, knowing that Decedent, Juan Angel Delgado, was threatening suicide.

18.    Thereafter, upon demand by the Defendants, Police Officers John

4

Does I through X and Police Officer MacNulty to come out of the utility shed, the Decedent, Juan Angel Delgado, raised a gun to his mouth.

19.     Thereafter, without provocation, Defendants, Police Officer MacNulty and Police Officers John Does I through X fired their handguns at the Decedent, striking the Decedent ten (10) times about the Decedent's chest, arms, scalp, lower abdomen and lower legs, killing the Decedent immediately.

20.     Plaintiff, Evelyn Monica Pagan-Delgado, denies that Decedent pointed the handgun at Defendants, Police Officer MacNulty and Police Officers John Does I through X, but even if Decent had done so, Defendants, Police Officer MacNulty and Police Officers John Does I through X were not justified in using deadly force.

21.     At the time that the Decedent, Juan Angel Delgado, was shot, he did not pose a significant threat of death or serious physical injury to either the Defendant, Police Officer MacNulty or Defendants, Police Officers John Does I through X, or the public.

22.     The use of deadly force on the Decedent, Juan Angel Delgado, by Defendant, Police Officers John Does I through X and Defendant, Police Officer MacNulty, was unreasonable and totally without justification.

23.     Defendant, City of Philadelphia Police Commissioner Charles H. Ramsey, was responsible for the training of all police officers of the Philadelphia Police Department, in the proper use of firearms in the performance of their duties as police officers.

24.     Defendant, City of Philadelphia Police Commissioner Charles H.

Ramsey trained Defendants, Police Officers John Does I through X and

Defendant, Police Officer MacNulty in the use of firearms in accordance with the

statues, ordinances, regulations, customs and usages of the Defendants, City of

Philadelphia and Philadelphia Police Department, and the Commonwealth of

Pennsylvania.

25.     Defendant, City of Philadelphia, and Defendant, City of Philadelphia

Police Commissioner Charles H. Ramsey, failed to properly train Defendant,

Police Officer MacNulty and Defendants, Police Officers John Does I through X.

26.     Defendant, City of Philadelphia, and Defendant, City of Philadelphia

Police Commissioner Charles H. Ramsey are vicariously liable for the actions of

Defendant, Police Officers John Does I through X and Defendant, Police Officer

MacNulty, at all relevant times herein.

27.     As a direct and proximate result of the unlawful conduct of the

Defendants as described above, Plaintiff has been damaged.

**COUNT I**
**VIOLATION OF 42 U.S.C. § 1983**
**PLAINTIFF V. DEFENDANTS, POLICE OFFICER MACNULTY AND**
**POLICE OFFICERS JOHN DOES I THROUGH X**

28.     Plaintiff adopts and incorporates paragraphs 1 through 27 herein as

set forth at length.

29.     Defendant, Police Officers John Does I through X and Defendant,

Police Officer MacNulty used excessive force thereby violating Decedent's rights

under the laws of the Constitution of the United States, in particular, the Fourth

Amendment, and his rights under the Constitution and laws of the

Commonwealth of Pennsylvania.

30.     Without any justification or provocation, Defendants, Police Officer MacNulty and Police Officers John Does I through X willfully and maliciously caused Decedent to suffer injuries which resulted in Decedent's untimely death.

31.     As a direct and proximate result of the aforesaid acts of Defendants, Police Officer MacNulty and Police Officers John Does I through X committed under color of their authority as a City of Philadelphia Police Officers, Decedent suffered grievous bodily harm and death which is a violation by said Defendants of the laws and Constitution of the United States, in particular, the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983, and was further in violation of the Statutes of the Commonwealth of Pennsylvania and the Constitution of the United States, all of which make said Defendants liable to Plaintiff.

32.     The acts committed by Defendants constitute intentional misconduct, excessive use of force and deliberate indifference to Decedent which caused the previously described injuries to the Decedent, in violation of his constitutional rights as previously set forth in the aforementioned paragraphs. The acts constitute an excessive use of force all in violation of the Fourth Amendment to the Constitution and 42 U.S.C. § 1983.

**WHEREFORE,** Plaintiff demands judgment against Police Officers John Does I through X and Defendant, Police Officer MacNulty in an amount in excess of One Hundred Thousand and Fifty Dollars ($150,00.00) plus interest, costs, attorney's fees and punitive damages.

7

## COUNT II
## BATTERY
## PLAINTIFF V. DEFENDANTS, POLICE OFFICER MACNULTY AND
## POLICE OFFICERS JOHN DOES I THROUGH X

33.   Plaintiff adopts and incorporates paragraphs 1 through 32 herein as if set forth at length.

34.   Defendants, Police Officers MacNulty and Police Officers John Does I through X, without provocation, justification, permission or cause, did commit battery upon the person of Decedent by shooting Decedent ten (10) times about the Decedent's chest, arms, scalp, lower abdomen and lower legs, killing Decedent immediately.

35.   As a direct result of Defendant's battery, Decedent suffered the injuries aforesaid.

**WHEREFORE,** Plaintiff demands judgment against Defendants, Police Officer MacNulty and Police Officers John Does I through X, in an amount in excess of $150,000.00 plus interest, costs, attorney's fees and punitive damages.

## COUNT III
## ASSAULT
## PLAINTIFF V. DEFENDANTS, POLICE OFFICER MACNULTY AND
## POLICE OFFICERS JOHN DOES I THROUGH X

36.   Plaintiff adopts and incorporates paragraphs 1 through 35 herein as if set forth at length.

37.   Defendants, Police Officer MacNulty and Police Officers John Does I through X, without provocation, justification, permission or cause, did commit

assault upon the person of Decedent by shooting Decedent ten (10) times about the Decedent's chest, arms, scalp, lower abdomen and lower legs, killing Decedent immediately.

38.     As a direct result of Defendants' assault, Decedent suffered the injuries aforesaid.

**WHEREFORE,** Plaintiff demands judgment against Defendants, Police Officer MacNulty and Police Officers John Does I through X, in an amount in excess of $150,000.00 plus interest, costs, attorney's fees and punitive damages.

**COUNT IV**
**VIOLATION OF 42 U.S.C. § 1983**
**PLAINTIFF V. DEFENDANTS, CITY OF PHILADELPHIA AND**
**POLICE COMMISSIONER CHARLES H. RAMSEY**

39.     Plaintiff adopts and incorporates paragraphs 1 through 38 herein as if set forth at length.

40.     Defendants, City of Philadelphia and Police Commissioner Charles H. Ramsey failed to properly train and supervise Defendants, Police Officer MacNulty and Police Officers John Does I through X.

41.     As such, said Defendants were grossly negligent, deliberately indifferent and reckless with respect to the potential violation of constitutional rights.

42.     Defendants', City of Philadelphia and Police Commissioner Charles H. Ramsey, failures were the moving force behind the actions of Defendants, Police Officer MacNulty and Police Officers John Does I through X resulting in the injuries and death of Decedent aforesaid.

**WHEREFORE,** Plaintiff demands judgment against Defendants, City of Philadelphia and Police Commissioner Charles H. Ramsey in an amount in excess of $150,000.00 plus interest, costs, attorney's fees and punitive damages.

**COUNT V**
**WRONGFUL DEATH**
**PLAINTIFF V. ALL DEFENDANTS**

43.    Plaintiff adopts and incorporates paragraphs 1 through 42 herein as if set forth at length.

44.    Plaintiff was appointed Administratrix of the Estate of Juan Angel Delgado by the Philadelphia County Register for the Probate of Wills and Grant of Letters Testamentary and of Administration March 19, 2009, and brings this action under and pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A. § 8301, on behalf of those persons entitled to recover under that Act.

45.    Plaintiff further demands damages for all pecuniary losses, including the medical expenses, funeral expenses and expenses of administration necessitated by reason of the death of Decedent, and other expenses reasonably associated with Decedent's death.

46.    As a result of the wrongful death of Decedent, his survivors have been deprived of the earnings, maintenance, guidance, support, companionship and comfort that they would have received from him for the rest of his natural life.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory and punitive damages in an amount in excess of $150,000.00 plus interest, costs, attorney's fees and punitive damages.

10

## COUNT VI
## SURVIVAL CLAIM
## PLAINTIFF V. ALL DEFENDANTS

47.    Plaintiff adopts and incorporates paragraphs 1 through 46 herein as if set forth at length.

48.    Plaintiff brings this action pursuant to the Pennsylvania Survival Act on behalf of the Estate of Decedent.

49.    Plaintiff demands damages of Defendants for the physical and emotional pain and suffering experienced by Decedent prior to his death; Plaintiff further demands damages for economic losses sustained by the Estate of Decedent by reason of his untimely death.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory and punitive damages in an amount in excess of $150,000.00 plus interest, costs, attorney's fees and punitive damages.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Kerns, Pearlstine, Onorato, & Hladik, LLP

By:

David C. Onorato, Esquire
Attorney for Plaintiff
Attorney I.D. No. 41217
298 Wissahickon Avenue
Upper Gwynedd, PA 19454
donorato@kernslaw.com
(215) 855-9521

Dated: March 5, 2010